**LANE v. DISTRICT OF COLUMBIA.**

**HEREFORD v. DISTRICT OF COLUMBIA.**

Nos. 10418, 10436.

United States Court of Appeals
District of Columbia Circuit.

Argued March 21, 1950.

Decided April 17, 1950.

Mr. Robert S. Moss, Washington, D. C., with whom Mr. K. Robert Hahn, Washington, D. C., was on the brief, for petitioners.

Mr. Harry L. Walker, Assistant Corporation Counsel, D. C., Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, D. C., Mr. Chester H. Gray, Principal Assistant Corporation Counsel, D. C., and Mr. William S. Cheatham, Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for respondent.

Before PRETTYMAN, FAHY and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are petitions to review decisions of the Board of Tax Appeals for the District of Columbia. The taxes are inheritance taxes. The statute provides in pertinent part as follows: "Whenever any person shall exercise a general power of appointment derived from any disposition of property, made either before or after the passage of this title, such appointment, when made, shall be deemed a transfer taxable, under the provisions of this title, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power; and whenever any person possessing such power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of this title shall be deemed to take place to the extent of such omissions or failure in the same manner as though the person or persons thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by the will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." [1]

The last half of the quoted section is applicable here. Appellants are persons who became entitled to the possession or enjoyment of property by reason of the failure of their mother to exercise a power of appointment in respect to it. The mother, Sarah Elizabeth Seward (married to William F. Lane), was the donee of this power by virtue of a contract made by her father in 1919 with the Petersburg (Virginia) Savings & Trust Company. The contract provided for the establishment of a trust the income from which was to be paid to this daughter for her life, and then at her death the trustee was:

" * * * to pay the principal of the trust estate hereby created to such person or persons as the said Sarah Elizabeth Seward may by her will direct. It being expressly understood that the said Sarah Elizabeth Seward shall not during her life, have the power to pledge, encumber, sell or otherwise dispose of any part of the principal of the trust estate, but that she may, should she so desire, dispose of the same by her will."

The question in the case is whether the power conferred upon Sarah Elizabeth Seward by the quoted provision of the contract was a general power of appointment within the meaning of the quoted provision of the local tax statute.

Petitioners say that the trust was a spendthrift trust and that the power of appointment could not be exercised in favor of donee's estate or creditors and, therefore, was not a general power. But we do not find in the contract the restriction upon which petitioners rely. During her lifetime the beneficiary received the income from the trust without restriction upon its use; but the principal was held in trust, and so she could not encumber or dispose

1. 52 Stat. 361 (1938), D.C.Code, § 47—1601(j) (1940).

of it even if there had been no restrictive provisions to that effect in the contract. By her will she could dispose of the principal "to such person or persons" as she might direct. Petitioners say that the expression "person or persons" is not broad enough to include creditors or donee's estate. We think it is.

A large part of the argument in this case concerned a necessary attempt by petitioners to escape the Virginia statute [2] in effect when the contract was made by Mr. Seward with the bank. The effect of that then-existing law was that a spendthrift trust was invalid. In 1918 the Virginia legislature enacted a new code, in which the validity of spendthrift provisions was established,[3] but the new law was by its terms not effective until January, 1920.[4] The contract in the present case was executed in April, 1919. Petitioners say that the enactment in 1918 changed the public policy of the state as of that date. The point is not material in the view which we take of the case, as above expressed, but we observe that we do not see how the effective date of the statute expressly set in its terms could be ignored.

The decisions of the Board of Tax Appeals are

Affirmed.

2. Va.Code § 2428 (1887).

3. Va.Code § 5157 (1919).

4. Va.Code § 6567 (1919).